PITTMAN, Judge,
concurring in part and dissenting in part.
To the extent that the main opinion concludes that the trial court’s judgment is a final judgment, I concur. As to the merits, I respectfully dissent. I believe' that the legislature’s inclusion of a rebuttable presumption in favor of parental decisions regarding grandparental-visitation matters sufficiently differentiates the current version of Ala.Code 1975, § 30-3-4.1, from the version considered and held unconstitutional in Ex parte E.R.G., 73 So.3d 634 (Ala.2011) (plurality opinion). Further, I remain of the view that the State does have an interest in “promoting normal relationships between grandparents and their progeny” consistent with the best interests of the grandchildren at issue, see E.H.G. v. E.R.G., 73 So.3d 614, 632 (Ala.Civ.App.2010) (Pittman, J., dissenting) — an interest that can surely be constitutionally vindicated by means other than forcing grandparents who might want to preserve such relationships to resort to the blunt instrument of attacking, in a public judicial forum, the fitness of their own children or their spouses or partners to act as parents.